NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIDLAND INNOVATIONS, NV,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>WEN WANG; et al.,<br><br>    Defendants-Appellees. | No.    16-17242<br><br>D.C. No. 4:16-cv-05316-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Midland Innovations, NV, appeals from the district court's order dismissing its diversity action alleging state law violations. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal of an action as duplicative. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). We affirm.

The district court did not abuse its discretion in dismissing Midland's action on the basis that the instant action is duplicative of an earlier-filed action, *Midland Innovations, NV v. Weiland International Inc., et al.*, No. 4:07-mc-80257-CW. *See id.* at 689 (explaining that an action is duplicative if "the causes of action and relief sought, as well as the parties . . . to the action, are the same" and setting forth criteria for the "transaction test" to determine whether the causes of action are the same).

Midland's Motion for Judicial Notice (Docket Entry No. 9) and Chen's Motion for Judicial Notice (Docket Entry No. 20) are granted.

**AFFIRMED.**